*Baylies* and *Wood*, for the plaintiffs.

    *Warren* and *W. Thomas*, for the defendants.

---

## GIDEON PECK *versus* DANIEL N. DAVIS.

P, and the defendant agreed to purchase a vessel together, and the defendant having
received $ 190 of P., for which he gave his note on demand, purchased the vessel
in his own name, and afterward signed a writing, which set forth that a portion of
the vessel was to belong to P. upon his paying therefor, and acknowledged the
receipt of $ 190 towards such payment, which was admitted to be the same money
for which the note was given, and such writing was accepted by P. It was *held*,
that this was an accord and satisfaction of the note, although it was not cancelled.

ASSUMPSIT on a promissory note for the sum of $ 190,
dated December 5th, 1832, made by the defendant, payable,
on demand, to Edwin Peck, and by him indorsed to the
plaintiff.

    At the trial, before *Putnam* J., the defendant, having first
proved that in November 1833 the note was in the hands of the
payee, introduced evidence showing that, about the time when
it was given, the defendant and the payee agreed to purchase a
vessel together, it being stipulated, that the defendant should
take the bill of sale in his own name and hold the vessel until
the payee should pay for his part ; that the defendant then re-
ceived from the payee the sum of $ 190, for which the note in
suit was given ; that the defendant accordingly purchased the
brig Aldeboronto, of which the payee was to have one fourth
part ; and that the defendant took the bill of sale of the whole
vessel in his own name, in pursuance of such agreement.

    The defendant also offered in evidence the following writing
signed by him, and dated December 6th, 1832 : —

    " Be it known by this, that one fourth of the brig Aldebo-
ronto doth belong to Edwin Peck, he or the brig paying the
sum of $ 627 with interest to me ; one fourth of proceeds of
loss or gain belonging to him, he paying one fourth of all ex-
penses belonging to owners to pay. The receipt of $ 190, I
do hereby acknowledge towards the said $ 627 "

Peck
*v.*
Davis.

The defendant thereupon offered to prove, that this writing was signed by him in execution of the original agreement for the purchase of the vessel, and was by him delivered to the payee.

The plaintiff objected to the admission of the agreement and of the parol evidence offered ; but the judge overruled the objection.

It was then proved, that the payee, afterwards, claimed to be an owner of the vessel, representing that the note in suit was taken for the sum of $ 190 paid in pursuance of the original agreement for the purchase of the vessel, and was the same $ 190 mentioned in the writing.

The judge instructed the jury, that the writing executed by the defendant, if it was received by the payee, was an accord and satisfaction of the note, and extinguished the claim thereon, provided they were satisfied that the sum of $ 190 was advanced, and the note given upon a parol agreement between the payee and the defendant to purchase the vessel together.

The jury returned a verdict for the defendant.

The plaintiff excepted to the instructions to the jury.

*Coffin* and *Wilkinson*, for the plaintiff, cited *Stackpole* v. *Arnold*, 11 Mass. R. 27 ; *Hanson* v. *Stetson*, 5 Pick. 507 ; *Spring* v. *Lovett*, 11 Pick. 417.

*Oct. 24th.*

*Warren* and *A. Bassett*, for the defendant, cited *Munroe* v. *Perkins*, 9 Pick. 303 ; *Kearslake* v. *Morgan*, 5 T. R. 513 , 2 Stark. Ev. 127 ; 1 Petersdorff's Abr. 128 ; *Booth* v. *Smith*, 3 Wendell, 66 ; *Cartwright* v. *Cook*, 3 Barn. & Adolph. 701.

*Per Curiam.* This note having been indorsed long after it was due, it is open to the defendant to make the same defence against the indorsee, as he might have made, if the suit had been brought by the payee.

*Oct. 28th*

The note was dated on the 5th of December, and was payable on demand. On the day following, the defendant gave the payee a written executory agreement, stipulating to convey to him a part of the vessel at a sum certain, and acknowledging the receipt of $ 190 as an advance and part payment towards that sum ; and this agreement was accepted by the payee. It is conceded, that this sum of $ 190 is the same money for

Peck
*v.*
Davis.

which the note on demand had been given. The Court are of opinion, that this agreement, by which both parties agreed to treat the money as an advance payment on the executory contract, was an accord and satisfaction of the debt due on the note, which discharged it, and by which it was effectually extinguished, though not actually cancelled, and that no title passed to the plaintiff by the indorsement. The instruction, we think, was right; and judgment is to be rendered on the verdict for the defendant.